IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | |
| **CHAD W. THOMAS,** | ) | Case No. BK21-40519 |
| **LISA K. THOMAS** | ) | |
| | ) | |
| **CD THOMAS FARMS, LLC** | ) | Case No. BK21-40520 |
| | ) | |
| Consolidated Debtors, | ) | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS CONSOLIDATED CASES FOR CAUSE UNDER 11 U.S.C § 1112(b)

Daniel J. Casamatta, Acting United States Trustee (the "United States Trustee"), for the District of Nebraska, hereby moves the Court, pursuant to 11 U.S.C. § 1112(b) enter an order dismissing the consolidated cases. In support of this Motion, the United States Trustee respectfully states as follows:

1. On May 7, 2021, the Debtors filed voluntary chapter 11 petitions.

2. The cases were administratively consolidated on June 30, 2021.

3. Section 1112(b)(1) of the Bankruptcy Code provides when a movant establishes cause, the Court shall either convert to Chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of the creditors and the estate. The examples listed under 11 U.S.C. § 1112(b) are not exhaustive, and the Court retains broad discretion to consider other factors, including lack of good faith in filing, when determining whether to dismiss or convert a chapter 11 case. *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 537 (B.A.P. 8th Cir. 2001). The United States Trustee asserts the following statutory bases as cause for dismissal of the Debtors' cases: the Debtors failed to file monthly operating reports, and the Debtors

–1–

failed to demonstrate that a debtor-in-possession account is opened. *See* 11 U.S.C. § 1112(b)(4)F), (H).

### A. Cause Exists to Dismiss the Debtors' Cases Due to the Continuing Failure to File Monthly Operating Reports

4. Cause to dismiss includes "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a cause under this chapter." 11 U.S.C. § 1112(b)(4)(F).

5. One of the reporting requirements under the Bankruptcy Code requires Chapter 11 debtors to provide monthly operating reports ("MORs") during the pendency of the case. *See* 11 U.S.C. §§ 1107(a), 1106(a)(1), and 704(a)(8); FED. R. BANKR. P. 2015(a)(3). As of the filing of this motion, the Debtors failed to file **any** operating reports since the commencement of the cases. The operating reports for May, June, July, August and September are delinquent.

6. Pursuant to 11 U.S.C. § 1107(a), a debtor in possession in a Chapter 11 case assumes the rights and duties of a trustee and, accordingly, is treated as a fiduciary for the estate.

7. The Debtors' failure to file complete MORs, including monthly bank statements, reconciliations, and copies of the check registers, in accordance with the United States Trustee's guidelines makes it impossible to determine if the Debtors are appropriately accounting for income and expenses during the bankruptcy case.

8. MORs contain a source of vital financial information which creditors and other parties in interest may access in order to make an informed decision on the Debtors' efforts to reorganize. These MORs are the "life-blood of the Chapter 11 process" and are more than "mere busy work." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Without the MORs, the United States Trustee lacks an appropriate means of monitoring the Debtors' monthly activity. *See id.* "A failure to file monthly operating reports, whether based on inability to do so or otherwise, undermines the Chapter

11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceeding." *All Denominational New Church*, 268 B.R. at 538.

9. Accordingly, the United States Trustee requests the Court dismiss the consolidated cases for failure to file the requisite MORs.

**B. Cause Exists to Dismiss the Debtors' Cases Due to the Continuing Failure to Show Compliance with the Obligation to Open and Use a Debtor-In-Possession Bank Account**

10. Separately, cause exists to dismiss a chapter 11 case includes the debtor's "failure timely to provide information." 11 U.S.C. § 1112(b)(4)(H).

11. Section 345(a) requires the Debtors to act to protect estate funds from loss, and these acts include opening debtor-in-possession bank accounts. The failure to do so constitutes cause for dismissal of the cases. 11 U.S.C. § 1112(b)(4)(H).

12. Although these consolidated cases have been in chapter 11 for over five months, and despite numerous requests, the Debtors continue to fail to provide proof to the United States Trustee that a debtor-in-possession bank account has been established.

13. Accordingly, the United States Trustee requests the Court dismiss the consolidated cases for failure to timely provide information as required under applicable federal law.

WHEREFORE, the United States Trustee respectfully requests the Court to enter an order dismissing the consolidated cases.

DATED this 27th day of October, 2021.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

Respectfully Submitted,

DANIEL J. CASAMATTA
ACTING UNITED STATES TRUSTEE

JERRY L. JENSEN
ASSISTANT U.S. TRUSTEE
Roman L. Hruska U.S. Courthouse
111 S. 18th Plaza, Suite 1148
Omaha, NE 68102
Telephone: (402) 221-4300
Jerry.L.Jensen@usdoj.gov


/s/   Sarah E. Tomlinson
SARAH E. TOMLINSON
WY Bar #7-6095; MO Bar #72441
Trial Attorney
Office of the United States Trustee
Thomas F. Eagleton Courthouse
111 South 10th Street
Suite 6.353
St. Louis, MO 63102
Telephone: (202) 590-7982
Sarah.E.Tomlinson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the above and foregoing with the Clerk of Bankruptcy Court on October 27, 2021, using the CM/ECF system which sent notification to all CM/ECF participants.

/s/ Sarah E. Tomlinson